REINWALD O'CONNOR & PLAYDON LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN   3107-0
Pacific Guardian Center
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
jkg@roplaw.com

Attorney for Debtor,
GLENN PATRICK KAWAIKAPU AKIONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GLENN PATRICK KAWAIKAPU AKIONA,<br><br>　　　　　　　　Debtor. | Case No. 03-01876<br>(Chapter 11)<br><br>*Preliminary Hearing:*<br>Date:　February 25, 2004<br>Time:　1:30 p.m.<br>Judge: Honorable Robert J. Faris |

**DEBTOR'S MEMORANDUM IN OPPOSITION TO
HFS FEDERAL CREDIT UNION, fka HAWAII FEDERAL AND
STATE EMPLOYEES FEDERAL CREDIT UNION'S
MOTION TO MODIFY AUTOMATIC STAY
[Re: 301 Malaai Road, Hilo, Hawaii, TMK (3) 2-4-006-003, CPR 2, Unit 2]**

Glenn Patrick Kawaikapu Akiona, M.D. ("Akiona"), the Debtor, submits this Memorandum in Opposition to HFS Federal Credit Union, fka Hawaii

Federal and State Employees Federal Credit Union's ("HFS") Motion to Modify Automatic Stay in that property located at 301 Malaai Road, Hilo, Hawaii 96720, TMK (3) 2-4-006-003, CPR 2, Unit 2 ("Property").

On June 19, 2003, Dr. Akiona filed for bankruptcy protection. At the time of filing, Dr. Akiona was a secured debtor on three (3) HFS loans, as per the claims registry in this case.

| Claim No. | Amount | |
|---|---|---|
| 15 | $20,421.59 | (1996 Lexus LS400) |
| 16 | 82,801.63 | (TMK (3) 2-4-006-003, CPR 2, Unit 2) |
| 17 | 47,362.64 | (TMK (3) 2-4-006-003, CPR 3, Unit 3) |

HFS, contrary to applicable law, did not request adequate protection after the filing of the petition.

In November 2003, the Debtor began to make payment on the mortgage in the amount of $661.68; the Lexus in the amount of $740.64; and the Line of Credit Loan in the amount of $315.00.

On February 3, 2004, the Debtor filed his Disclosure Statement and proposed Plan of Reorganization. The Plan provide as follows:

2

141293/JKG

4. Class 4: Secured Claim – HFS Federal Credit Union.

HFS Federal Credit Union ("HFS") has filed a secured proof of claim in the amount of $82,801.63, secured by property located in Hilo, Hawaii.

The Plan will make payment at the monthly contract rate of $618.00, per month until February 28, 2030.

To the extent that there are delinquents owed on the Effective Date of the Plan, the Debtor will "cure" the delinquencies by making payments of $618.00, beginning on March 1, 2030, until the full amount of the pre-Effective Date of delinquencies are "cured" by the payment of $618.00 per month.

To the extent that the Class 4 secured creditor has imposed a default rate of interest, penalties and late interest, penalties and late charges, these default related charges will be deaccelerated.

Class 4 secured creditor is not impaired and will not vote to accept or reject the Plan.

5. Class 5: Secured Claim – HFS Federal Credit Union.

HFS has filed a secured claim in the amount of $47,362.64. The Debtor will pay HFS $661.68 per month until the maturity date of February 28, 2010. The Debtor will "cure" all pre-Effective Date delinquencies by way of payment of $661.68 per month, beginning on March 1, 2010.

To the extent that the Class 5 secured creditor has imposed default rate of interest, penalties and late charges, these default related interest, penalties and late charges will be deaccelerated.

3

The Class 5 secured creditor is unimpaired and will not vote to accept or reject the Plan.

6. Class 6: Secured Claim – HFS Federal Credit Union.

HFS filed a secured claim for $20,421.59, secured by a 1996 Lexus LS400. The Debtor will make the monthly payment of $740.64. To the extent there are any pre-Effective Date delinquencies, the Debtor will "cure" the delinquencies by monthly payment of $740.64 at the conclusion of the contract.

To the extent that the Class 6 secured creditor imposed default rate of interest, penalties and late interest, penalties and late charges, these default related charges will be deaccelerated.

The Class 6 secured creditor is unimpaired and will not vote to accept or reject the Plan.

The hearing on the Debtor's Motion to Approve the Disclosure Statement is March 15, 2004. If approved Dr. Akiona's Plan provides for full payment, at the contract rate of payment, with any delinquency "cured" on the Plan, on the HFS claims.

Based on the above, Dr. Akiona requests that the Court deny the Motion, and schedule a final hearing within 30 days, which will be a time after the March 15, 2004 hearing on the Debtor's Disclosure Statement, and start the confirmation of the proposed Plan of Reorganization, which provides for full

4

141293/JKG

payment of the HFS' secured claim, as per the contracts and a "cure" of any delinquency, pre and post-petition.

As provided by 11 U.S.C. §362(g)(1), the scheduled value of the collateral is $110,000, while the claimed debt is $90,943.31.

DATED: Honolulu, Hawaii, February 6, 2004.

_____
JERROLD K. GUBEN
Attorney for Debtor
GLENN PATRICK KAWAIKAPU AKIONA

141293/JKG